The opinion of the Court was delivered by
Whitehead, J.
Upon the principles declared by this court in Ten Eyck v. The Delaware and Raritan Canal Co. 3 Har. 200, and afterwards affirmed by the court of Errors, the demurrer to the second and third pleas must be sustained as not containing a legal defence to the plaintiff’s claim for damages. As there are no formal objections to any of these pleas, I presume the real question between the parties arises on the fourth plea. Do the matters set forth in this plea constitute a valid defence to the plaintiff’s claim for damages under the third and fourth counts in his declaration ? By the demurrer, the plaintiff admits the facts set forth in this plea. They are briefly these: The plaintiff for the consideration of throe hundred and eighty-six dollars granted and conveyed to the defendant, a piece of land on the route of their canal, for the purpose of constructing their canal thereon, and it was constructed with his consent.
It would seem by the plaintiff’s declaration, that he supposes the defendants hold the land subject to the duties imposed upon them by the sixteenth section of the act referred to. By that section it is enacted, that it shall be the duty of the company, when the canal intersects the farm or lands of any individual, “ to provide and keep in repair, a suitable bridge or bridges, so that the owner or owners and others may pass the same.” In this I think he is mistaken. The liability of the defendants in this *238 respect is to be decided upon the contract between the parties, without reference to their charter of incorporation. The plaintiff sold the land for the express purpose of making the canal thereon. There is no condition or reservation in the deed, nor is there any covenant on the part of the defendants, that they wil 1 build a bridge or do any other act for the convenience- of the plaintiff in passing over his farm. The presumption is, that as the plaintiff sold the land for the purpose mentioned, he took into consideration all the inconveniences which might result from the construction of the canal through his farm, and asked and received a price, which in his estimation would cover all the damages that he might sustain in consequence of it. Had it been the intention of the parties at the time of the conveyance, that the defendants should make and maintain a bridge for the plaintiff’s convenience, the presumption is, there would have been a condition or covenant to that effect in the deed. The defendants having used the land for the single and only purpose, for which it appears by the deed it was purchased, they are in no worse condition, nor are they to have more burthens imposed upon them, than if an individual had purchased it for the same pupose, or for making any other improvement thereon, which would equally prevent the plaintiff from passing over all parts of his farm. So long as the expressed intention of the parties is carried out, and the land is applied to the uses for which it was purchased, the grantee, in the absence of any covenant or agreement on his part, is not liable in damages for any inconveniences the grantor may sustain, necessarily resulting from doing the act contemplated by the parties. The liability of the defendants in this respect depends not upon the provisions of their act of incorporation, but upon the contract between the parties, and for the reason, that their right to enter upon the land and dig their canal is founded upon contract and not upon the statute. '
In my opinion the facts set forth in this plea, constitute a legal defence to any claim for damages under the third and fourth counts in the declaration.
Cited in Del. & Rar. Can. Co. v. Lee, 2 Zab. 250; Green v. M. & E. R. R. Co., 4 Zab. 489; Mor. & Es. R. R. Co. v. Green, 2 McCar. 475.